GEORGE W. NEAL *vs.* THE CITY OF NEW HAVEN.

* First Judicial District, Hartford, March Term, 1910.

HALL, C. J., PRENTICE, THAYER, RORABACK and ROBINSON, Js.

The head of a city department who is empowered, in general terms and without restriction, to appoint and employ his clerical force, has the right to discharge any one or more of them, subject only to the limitations imposed by the civil service regulations.

Civil service rules prohibiting the removal of clerks and other city employees except for nonpolitical causes duly shown, were never intended to, and do not, prevent the dismissal, in good faith and after due notice, of a clerk who has failed for several months, because of illness or caprice, to perform any of the duties of his position.

* Transferred from third judicial district.

An employee of a municipality, as distinguished from a public officer, is entitled to his wages, as matter of law, only so long as he performs the services for which he is employed.

Argued March 1st—decided March 15th, 1910.

ACTION to recover salary alleged to be due the plaintiff as searcher of records in the department of public works in the city of New Haven, brought to and reserved by the Superior Court in New Haven County, *Curtis, J.,* upon a finding of facts, for the advice of this court. *Judgment advised for defendant.*

The salary attached to the place in question and fixed by the board of finance was $1,200 per year, payable in weekly payments of $23.04 each week. The plaintiff claims salary from February 18th, 1908, to the date of bringing this suit.

The plaintiff was one of the clerical force in the department of public works. He was first employed in 1904, and this employment was continued from year to year, and he performed the work required by the position until January 16th, 1908, when he was taken ill, and his illness continued until May 22d, 1908; and during all of this time he was absent from his duties. The plaintiff, however, continued to draw his salary, as usual, until February 18th of that year. At this time, Francis W. Foley, the director of public works, being advised by the plaintiff's wife of the continued illness of the plaintiff, caused his name to be taken off the payroll, and his pay was from that time discontinued. After this the plaintiff still remained ill and unable to return to his work, and on April 6th, 1908, the director of public works notified him by letter of that date that if he could not resume his position on or before April 13th, 1908, he, the director, would feel obliged to ask for his resignation, and to fill the position without further delay.

The plaintiff did not resume work April 13th, nor was he able to do so, and he did not send in his resignation, but instead, on April 13th, asked for an extension of time, and in such request promised to return in three weeks.

The extension of time was not granted in terms, but the director of public works, it appears, delayed for three weeks to send in any new name for the position; the plaintiff, however, did not return during this time, and then, on May 5th, the director of public works selected another man for the place; and this new man took up the duties of the position. Even then the plaintiff did not present himself for work, but delayed until May 22d, 1908. When he finally presented himself on the date last named, he was at once informed by the director of public works that his services were no longer required.

The finding of facts further discloses that the dismissal was made in good faith and not for a political cause.

*Robert C. Stoddard,* for the plaintiff.

*Edward H. Rogers,* for the defendant.

Robinson, J. This demand for the salary of this position from February 18th, 1908, is based in part upon the claim that the position of examiner of records is a public office and that its incumbent is a public officer. We have held in the case of *State ex rel. Neal* v. *Brethauer,* ante, p. 143, 75 Atl. 705, that this examiner of records is not a public officer, within the proper meaning of that designation. Hence any claim in this case based thereon falls to the ground, and we treat this plaintiff simply as an employee of the city of New Haven.

Another claim of the plaintiff is that this position of examiner of records comes under civil service rules, and the action of the director of public works in the matter of this dismissal was irregular and illegal, and, therefore, that the plaintiff has been, ever since May 22d, 1908, in the employ of the city; and being ready at all times since said date to perform the duties of that employment, he insists that he should be allowed the pay incident to the position at least from that date. We cannot accede to these claims.

In the first place, assuming that this clerkship is within the civil service rules, as it is, what does this mean? It means that an applicant for the place shall be subjected to an examination in certain branches of knowledge, to demonstrate his fitness for the position; and, further, it means that having passed this preliminary examination and having been accepted, he shall not be removed except for cause duly shown, which cause shall not be political, and that the questions of cause, and whether duly shown, plainly must depend upon the entire situation as disclosed in each particular case. But whatever else the civil service rules may mean, they do not mean, and we hold that they never were intended to mean, that a clerk, an employee of this department, may absent himself from his work for weeks and months at a time, and utterly neglect to perform any of the duties incident to his position, either from caprice or sickness, and still hold his position, and still have the legal right to demand the salary attached to it, after his employer has in good faith and for such absence and neglect discharged him.

The absence is admitted, the neglect is conceded, but it is insisted on the part of the plaintiff that the city violated the civil service rules by peremptorily dismissing him, without notice and without a formal hearing. Such an interpretation as this would be an abuse

of civil service rules and principles, and not a proper or legitimate application thereof. This plaintiff has suffered no surprise, no injustice, by this action on the part of the director of public works. The plaintiff knew as early as April 6th that his resignation would be expected if he did not return by April 13th; and he knew that his place would then be filled, but he did not return, and he did not send his resignation, but instead asked for a extension of time, promising to return in three weeks.

The plaintiff did not return in three weeks, and the director of public works, on May 5th, selected another man for the place, and the new man entered into the employment. Even then the plaintiff did not present himself for work until May 22d, the day on which he was informed by the director that his services were no longer required.

Under these circumstances we are satisfied that there has been no violation of civil service rules or principles.

This dismissal was most plainly for cause, and so far as necessary to be shown, was duly shown; there was no need of further showing what was an undisputed fact, to wit, that he had absented himself from work for over four months; this was admitted—this was the cause. What need, then, in justice to this man, or under any reasonable application of civil service rules, that he should have had any other or a different notice, or any different or other hearing, than that which he did have? We can see none.

The director of public works was in general terms and without restriction empowered by the charter to appoint and employ his clerical force, and it follows that he had the right and power to discharge this plaintiff, subject only to the restrictions that such discharge must be "for cause duly shown, which cause shall not be political."

It is very clear that the director of public works did not fail to keep within these restrictions.

Another question is raised by the plaintiff, growing out of the claim that he is in any event entitled to his pay from the 18th of February up to the time of his actual dismissal; but we cannot accede to this. It is true that he continued to receive pay from January 16th up to February 18th from the city, but this was a mere matter of grace on the part of the city and not a legal right of the plaintiff. He was doing no work at that time, and thereafter, up to the time that he was notified that his services were no longer required, he did no work; and being simply an employee, he was not entitled to receive pay when he did no work.

The Superior Court is advised to render judgment for the defendant to recover its costs.

Costs in this court will be taxed in favor of the defendant.

In this opinion the other judges concurred.